| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RICHARD TRAHAN, §
　§
　　Petitioner, §
　§
versus § CIVIL ACTION NO. 1:11-CV-469
　§
DIRECTOR, TDCJ-ID, §
　§
　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Richard Trahan, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for murder.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of petitioner's objections in relation to the pleadings and the applicable law.

Petitioner asserts the following grounds for review: (1) the trial court improperly denied his request to have prospective juror 35 stricken for cause; (2) there was insufficient evidence to support the conviction and (3) he received ineffective assistance of counsel because counsel: (a) failed to object to evidence presented to the jury that was contained in a pen packet and (b) failed

to present mitigating evidence. Petitioner's objections relate solely to the assertion that there was insufficient evidence and that counsel was ineffective for failing to present mitigating evidence.

With respect to the insufficient evidence claim, the magistrate judge stated two witnesses, Wilona Tatmon and Courtney Hebert, testified they saw petitioner shoot the victim, and that another witness, Heather Gilmore, testified she heard petitioner threaten the victim before she heard a gunshot and that she saw petitioner holding a gun in front of him. The magistrate judge concluded this testimony would have permitted a rational trier of fact to find the elements of the offense of murder beyond a reasonable doubt.

In his objections, petitioner asserts that someone else killed the victim. He states the testimony described above was not credible and became weaker on cross-examination. Petitioner also contends the testimony of the witnesses described above was contradictory and inconsistent.

The magistrate judge stated that the testimony of the witnesses described above became weaker on cross-examination, when each witness stated they had not actually seen a gun. However, Ms. Tatmon continue to maintain that she saw the victim get shot. The magistrate judge concluded that as credibility determinations and the weighing of evidence was for the jury, there was sufficient evidence to permit a reasonable finder of fact to find the elements of the offense beyond a reasonable doubt.

The court agrees. When considering a claim of insufficient evidence, the assessment of the credibility of witnesses is beyond the scope of federal habeas review. *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). The testimony of Ms. Tatmon, Ms. Hebert and Ms. Gilmore on direct examination would, if found

2

to be credible by the jury, have been sufficient for a rational trier of fact to conclude beyond a reasonable doubt that petitioner committed the offense of murder. It was for the jury, not this court to determine whether the weakening of the testimony of these witnesses on cross-examination was sufficient to make their direct examination testimony unreliable. As a result, the magistrate judge correctly concluded that this ground for review is without merit.[1]

Petitioner also asserts counsel was ineffective for failing to present mitigating evidence. Petitioner states his aunt and uncle should have been called to testify on his behalf. In their affidavits, they each stated they wanted to testify to "the better side" of petitioner.

As described by the magistrate judge, the state habeas trial court made the following application of law to facts:

> The record indicates [that] at the time of his murder trial, applicant had prior final felony convictions for delivery of [a] controlled substance and for aggravated assault. Additionally, the record indicated that at the commencement of the punishment phase of his murder trial, applicant pleaded true to both felony conviction allegations. Considering the entire record, the Court finds applicant has failed to establish the prejudice prong of the two-prong *Strickland* test for constitutional ineffectiveness. Specifically, the Court finds no reasonable probability exists that the outcome of applicant's sentencing hearing would have been different if Trial Counsel had called [petitioner's aunt and uncle] to testify during that proceeding.

While acknowledging the life sentence petitioner received was harsh, the magistrate judge stated the harshness of the sentence was understandable in light of petitioner's two prior felony

---

[1] Petitioner also faults the magistrate judge for not applying the "equipoise" rule. The equipoise rule states that a court must reverse a conviction if the evidence construed in favor of the verdict "gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995) (citations omitted). However, in *United States v. Vargos-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (*en banc*), the United States Court of Appeals for the Fifth Circuit specifically abandoned use of the equipoise rule. The court stated that the standard to be used in reviewing claims of insufficient evidence was the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, a verdict will be upheld so long as, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This was the standard applied by the magistrate judge.

convictions and the jury's conclusion that petitioner had committed what the magistrate judge described as "a fairly senseless" murder. The magistrate judge stated that even if petitioner's aunt and uncle had testified, there was not a reasonable probability the jury would have imposed a significantly less harsh sentence. Accordingly, the magistrate judge concluded that the determinations by the state courts that petitioner suffered no prejudice as a result of his aunt and uncle not being called to testify was not contrary to, and did not involve an unreasonable application of, clearly established law.[2]

Petitioner objects to the magistrate judge's conclusion, stating there is a reasonable probability that if the jury had heard mitigating testimony from his aunt and uncle, they would have imposed a shorter sentence. The court disagrees. As the magistrate judge points out, testimony from petitioner's relatives would have been biased in his favor. In light of the inherent bias of the testimony petitioner asserts should have been presented, petitioner's two prior convictions, and the evidence presented to the jury concerning the nature of the offense being tried, it cannot be concluded there is a reasonable probability petitioner would have received a significant less harsh sentence if his aunt and uncle had testified.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

---

[2] Pursuant to 28 U.S.C. § 2254(d), this court may not grant habeas relief based on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed without such a certificate. *See* 28 U.S.C. § 2253. To be entitled to a certificate of appealability, the petitioner must make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make a substantial showing, the petitioner need not establish he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 21st day of December, 2016.

                                                        */s/ Marcia A. Crone*
                                                       MARCIA A. CRONE
                                                       UNITED STATES DISTRICT JUDGE